Van Brunt, J.
[After stating the facts.]—One of the first elements of an application to a court of equity is, that the application is made in good faith for the purpose of redressing an appreciable wrong, or to prevent the infliction of a substantial injury upon the plaintiff or the persons whom he may be said to legally represent.
In other words, the bill must be filed in good faith, and the court will not entertain a bill where the equitable powers of the court are used as a mere pretense to give jurisdiction (Story's Eq. Jurisp. § 74).
But it is claimed upon the part of the plaintiff, that he being a tax-payer, the act of 1872 gives him the absolute right to maintain this action. The provision of this act is, that actions may be prosecuted by a tax-payer to prevent waste or injury to the property of the corporation ; hence, it is apparent from the language of the statute, that if such is not the object of the action, viz. : to prevent waste or injury to the property of the corporation, no power is conferred upon the court to entertain the suit. The evident intent of the act was to give a tax-payer a standing in court for the protection of the interests of the tax-payers, to prevent waste or injury to the property of the corporation, but not the furtherance of the schemes of parties / who have no right, either legal or equitable, to claim the protection of tlie court.
It is apparent from the circumstances surrounding *442 this case, that the plaintiff has not commenced the present action to protect his interests as a tax-payer in the city of New York, but that the real parties in interest'are the persons now using the ferry franchises as above mentioned, and consequently, he has no right to call upon the court for this exercise of its equitable powers.
The motion to continue the injunction must be de- , nied, with costs, and the temporary injunction dissolved.